IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PRODUCERS CREDIT CORP., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:16-CV-320 (MTT) |
| C2 FARMS, INC., *et al.* | ) |
| Defendants. | ) |

### ORDER

Producers Credit Corp. has moved for summary judgment on its claim to enforce a promissory note against Defendants C2 Farms, Inc., Joe David Cox, and Benjamin Cox.[1]  Doc. 13.  The Defendants have not responded.  The Court has carefully considered the record, and the Motion is **GRANTED**.

### I.   SUMMARY JUDGMENT STANDARD

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A factual dispute is only genuine if, based on the evidence presented, "a reasonable jury could return a verdict for the nonmoving party."  *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

---

[1] In their Answer, the Defendants claimed they did not have sufficient knowledge to admit or deny that Producers Credit is not a citizen of Georgia.  Likely for this reason, Producers Credit, in support of its motion for summary judgment, adduced evidence establishing this Court's diversity jurisdiction.  Doc. 13-1 at 2.  It is undisputed that Producers Credit is a foreign profit corporation, authorized to do business in the State of Georgia, with its principal place of business in Columbus, Ohio.

The movant may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

The burden then shifts to the non-moving party, who must rebut the movant's showing "by producing affidavits or other relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).  Where a party fails to address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), the Court may consider the fact undisputed for purposes of the motion.  Fed. R. Civ. P. 56(e)(2).  However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . .  The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## II.    PLAINTIFF'S BURDEN TO ENFORCE A PROMISSORY NOTE

Georgia law applies in this diversity action. *See, e.g. Goodwin v. George Fischer Foundry Sys.*, 769 F.2d 708, 711-12 (11th Cir. 1985).  "[A] plaintiff seeking to enforce a promissory note establishes a prima facie case by producing the note and showing that it was executed." *Collins v. Regional Bank*, 282 Ga. App. 725, 726, 639 S.E.2d 626, 627 (2006) (quoting *Stewart v. Johnson*, 269 Ga. App. 698, 699, 605 S.E.2d 111, 113 (2004)).  To prove a note was executed, the plaintiff must prove the validity of the

signatures. O.C.G.A. § 11-3-308(b).  "[T]he authenticity of and authority to make each signature on the instrument is admitted unless specifically denied in the pleadings." *Id.* at (a).  When the validity of a signature is specifically denied, "the burden of establishing validity is on the person claiming validity." *Id.*  Once the plaintiff establishes a prima facie right to enforce the note, the burden then shifts to the defendant to establish any defense. *Greenwald v. Columbus Bank & Trust Co.*, 228 Ga. App. 527, 529, 492 S.E.2d 248, 250 (1997).  If the defendant cannot establish such a defense, the plaintiff is entitled to summary judgment as a matter of law. *Id.*

When a note entitles a plaintiff to an award of attorneys' fees, in addition to principal and interest, such an award is valid subject to O.C.G.A. § 13-1-11.  To recover attorneys' fees under a note, a plaintiff must notify the defendant, after maturity of the note, that the plaintiff will seek attorneys' fees under the terms of the note and that the defendant has ten days from the receipt of notice to pay the principal and interest amount owed in order to avoid an award of attorneys' fees. O.C.G.A. § 13-1-11(a)(3). In addition, an award of reasonable attorneys' fees will be interpreted to be 15% of the first $500 of principal and interest owed and 10% of the remaining amount owed in excess of $500. *Id.* at (a)(2).

### III.   DISCUSSION

**A.   Undisputed Facts and Liability**

The undisputed facts are as follows.  On January 20, 2015, the Defendants executed the Note in connection with a loan agreement for $200,000.[2]  Docs. 1-5; 13-1

---

[2] The Court notes that although Producers Credit maintained in its summary judgment motion that the amount of the loan was $250,000, the Note suggested that the loan amount was $200,000.  Doc. 15; *Compare* Doc. 13-1 at 3; Doc. 13-3 at 2 *with* Doc. 1-5 at 3.  When the Court inquired about the difference, Producers Credit responded that indeed Producers Credit loaned only $200,000 but this discrepancy did

at ¶ 2.  The note required the Defendants to pay the loan amount, along with any accrued interest, by the maturity date.  Doc. 1-5 at 3.  Upon default, Producers Credit would be entitled to collect the remaining balance plus accrued interest, reasonable attorneys' fees (15% of the first $500.00 and 10% of the amount remaining in excess of $500), and court costs.  *Id*. at 2; Doc. 13-3 at ¶ 12.

The Note matured on February 10, 2016.  Docs. 1-5 at 3.  The debt therefore became due and payable on that date and continued to accrue interest under the terms of the Note.  Doc. 1-5 at 2-3.  The Defendants did not pay the full amount owed by the maturity date, constituting a default, and all amounts due under the Note became due and payable.  Docs. 1-5 at 2-3.

On July 1, 2016, Producers Credit sent a letter to the Defendants by certified mail with return receipt requested demanding payment.  Doc. 1-6.  Producers Credit informed the Defendants (1) the Note had matured; (2) the amount owed was due and payable; and (3) Producers Credit would be pursuing attorneys' fees.  *Id*.  The letter stated the amount due as of that date was "$124,356.78 . . . plus per diem interest of $23.27 and per diem late charges of $20.44 thereafter."  *Id*.  Producers Credit filed the complaint to enforce the Note soon thereafter and the Defendants were served with the complaint.  Docs. 1; 3-5.  The Defendants failed to pay the full amount owed within ten days of the letter or service of the complaint.  Docs. 13-1 at ¶ 9; 13-3 at ¶ 6.

The undisputed facts establish Producers Credit has proven a prima facie right to enforce the Note:  it has (1) produced the Note and (2) proven the Note was executed.

---

not affect the amount owed.  Doc. 17.  This explanation is not a part of the summary judgment record, although the Defendants have not disputed this explanation.  Nevertheless, the record establishes that the amount of principal owed is $113,245.52.  Nothing in the record suggests that the confusion over the loan has any impact on the amount owed.

Producers Credit attached a copy of the Note to its complaint.  Doc. 1-5.  Producers Credit proved the copy of the Note is what it purports to be and is a "true and correct copy" of the Note through the affidavit of Kent Mosier, Servicing Agent for Producers Credit Corp.  Doc. 13-3 at ¶ 4.  The Note is signed, individually, by Defendants Joe David Cox and Benjamin M. Cox.  Doc. 1-5 at 1.  Defendants Joe David Cox and Benjamin M. Cox also signed the Note in their capacities as "CFO" and "CEO", respectively, of Defendant C2 Farms.  *Id.*  The Note stated the Defendants would repay the principal plus any accrued interest before the maturity date on February 10, 2016.  Doc. 1-5 at 2-3.  The Defendants did not specifically deny the validity of the signatures on the Note and therefore admitted the validity of the signatures and that the Note was executed.[3]  *See* O.C.G.A. § 11-3-308(a) ("[T]he authenticity of and authority to make each signature on the instrument is admitted unless specifically denied in the pleadings.").  The Defendants have failed to present a defense in response to Producers Credit's prima facie case.  Therefore, the Defendants are liable for the amount owed under the terms of the Note.

**B.  Damages**

Under the Note, as of January 27, 2017, Producers Credit is entitled to collect $113,245.52 in principal plus $23.27 in per diem interest for a total of $13,139.18 (at the stated interest rate of 7.5% per annum) and $20.44 in per diem late charges through the

---

[3] In their answer, the Defendants did not specifically deny the authenticity of the note or the validity of the signatures.  Doc. 9 at § 7-12.  Instead, they refused to respond to allegations regarding the note until the original was produced and demanded "strict proof" that the copies of the Note and the demand letter are what they purport to be.  *See Id.*  Mosier's affidavit served as sufficient proof of the authenticity of the Note and the letter.  *See* Doc. 13-3 at § 4, 6.  In addition, if Defendants' Answer (Doc. 9) serves as a specific denial of the validity of the signatures, Mosier's affidavit is sufficient to carry Producers Credit's burden to establish the validity of the signatures.  *See* Doc. 13-3; O.C.G.A. § 11-3-308.

date of judgment for a total of $7,194.88 (at the stated interest rate of 6% per annum).[4]
Docs. 1-6; 13-3 at 3. Additionally, Producers Credit has fulfilled its obligations under
O.C.G.A. § 13-1-11(a)(3) to collect attorneys' fees. Producers Credit notified the
Defendants of the maturity of the obligation under the Note, that it would be enforcing its
right to collect attorneys' fees, and that the Defendants had ten days upon receipt of the
notice to pay the principal and interest in order to avoid paying attorneys' fees. Doc. 1-
6. The Defendants did not pay the principal and interest within ten days of receipt of
this notice. Therefore, as stated in the Note, Producers Credit is entitled to recover
"reasonable" attorneys' fees equal to 15% of the first $500.00 of principal and interest
and 10% of the remaining amount in excess of $500, or $12,663.47, and court costs of
$400.[5] Therefore, in total, Producers Credit is entitled to $146,643.05.

## IV. CONCLUSION

Producers Credit's Motion for Summary Judgment (Doc. 13) is **GRANTED**. The
Defendants are jointly and severally liable for the amount owed under the Note,
$146,643.05, and are **ORDERED** to pay damages in that amount. Accordingly,
Producers Credit's Motion for Extension of Time to Complete Discovery (Doc. 18) is
**DENIED** as moot.

**SO ORDERED,** this 27th day of January, 2017.

                            S/ Marc T. Treadwell
                            MARC T. TREADWELL
                            UNITED STATES DISTRICT COURT

---

[4] The late charges are calculated from the date of maturity (February 10, 2016) through the entry of judgment.

[5] Because the attorneys' fees award is less than $20,000, the Court need not determine further the reasonableness of the award. O.C.G.A. § 13-1-11(b).